## M'Donald *against* Maus.

The execution and delivery of a bond for the surplus purchase-money, form part of the title of a purchaser at treasurer's sale, and whenever such title is relied upon, the filing of the bond, or the execution and delivery of it, must be shown affirmatively. Without this the title is void.

ERROR to the common pleas of *Columbia* county.

. Margaret M'Donald and others against Joseph Maus. Ejectment for a tract of land. The plaintiffs gave in evidence a legal and regular title in themselves.

The defendant relied upon a title derived by him by virtue of an assessment and sale of the land as unseated for taxes.

The objection to that title was, that the defendant had given no bond to the treasurer for the surplus of the purchase-money after payment of the taxes and costs. On this subject there was no positive evidence whether a bond was given or not. But the court below being of opinion that, whether there was proof of it or not, the defendant's title was good, so instructed the jury, who found a verdict accordingly.

*Donnel*, for plaintiffs in error, cited 6 *Watts* 288.
*Montgomery*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—If a purchaser, at a treasurer's sale for taxes, has neglected to file a bond for the surplus moneys within two years after the sale, the deed to her is void. Sutton *v.* Nelson, 10 *Serg. & Rawle* 288. Although subsequent cases have somewhat limited this rule, so far as regards the person whose duty it is to file the bond, yet the execution and delivery of the bond forms part of the title, and whenever a person relies upon a tax title, it is necessary for him to prove affirmatively the filing of the bond, or at any rate its execution and delivery. Without this the title is void, and cannot avail her against the former owner. The question is, whether such proof was given of this essential feature in the defendant's title, as justified the court peremptorily in directing the jury to find a verdict for the defendant. That a bond for the surplus was filed,

[M'Donald v. Maus.]

did not appear; for, after diligent search in the proper office, although bonds for other lands sold at the same time are on file, yet none for this property can be found.  But the doubt is, whether the bond was not executed and delivered, and whether the omission to file it did not arise from the neglect of the treasurer.  To prove this, the *onus* is thrown upon the defendant.  He must show, by satisfactory proof, that the law in this respect has been complied with. But what does the testimony of the treasurer, who has been examined as a witness, amount to?  At most to nothing more than an *impression* that he presented a bond to the purchaser, and that he signed it.  And this impression would seem to have arisen merely from the sight of the deed, for he tells us, that if he had not seen the deed, he believes he should not have had any recollection on the subject.  After stating that he had no distinct recollection, and that he could not say whether the bond was taken or not, he adds, " I think I have some recollection about it; the recollection I think I have about it is, that when Maus came for the deed, I presented him the bond, and he signed it."  In another part of his testimony he says, " I do not recollect of drawing a bond from Maus to me. In the commissioner's office, *it appears to me,* when Maus got the deed, he signed the .bond, *but I do not know it as a fact.*"  He does not remember where he put the bond, nor does he recollect of seeing it since he filed the other bonds.  In answer to these vague surmises, it may be asked, if given, why was it not filed with the other bonds, and for what reason was it that the receipt for the bond was not signed by him, as is usual in other cases?  If the recollection of the treasurer had been distinct as to the execution of the bond, still some answer should be given to questions so pertinent to the inquiry; and still more, as it is necessary, in a case depending upon vague impressions and doubtful surmises.  The evidence given is weak and unsatisfactory, and not so strong as it is in Chambers *v.* Wilson, 2 *Watts* 502, which the court deemed insufficient to defeat a title to land.  If any direction on the facts was requisite, we are of opinion that an instruction directly the reverse should have been given to the jury.

We perceive no error in the admission of the evidence.  It was proper that the evidence should be heard by the jury, and that the case should be decided by them, on the facts, subject to the instruction of the court.

Judgment reversed, and a *venire de novo* awarded.